IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sean Alexander Echols, #282720, | ) | C/A No.: 3:16-2732-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Mr. Kenneth Witherspoon, United | ) | |
| States Assistant Attorney; and Ms. | ) | |
| Stacey Haynes, United States Assistant | ) | |
| Attorney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Sean Alexander Echols ("Plaintiff"), proceeding pro se and in forma pauperis, is
an inmate incarcerated at Kirkland Correctional Institution ("KCI"). He filed this action
pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403
U.S. 388 (1971).  Plaintiff sues United States Assistant Attorneys Kenneth Witherspoon
and Stacey Haynes ("Defendants"), alleging a violation of his constitutional rights.
Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule
73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for
relief and submit findings and recommendations to the district judge. For the reasons that
follow, the undersigned recommends that the district judge dismiss the complaint in this
case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff claims Defendants prosecuted him on murder-for-hire conspiracy
charges. [ECF No. 1 at 7–8]. Plaintiff states he pled guilty and the court sentenced him to

240 months. *Id.* at 8. Plaintiff claims the FBI also investigated inmates Eaglin and Van

Starling in connection with the murder-for-hire conspiracy. *Id*. Plaintiff alleges Eaglin,

who recently transferred to KCI, told Plaintiff he received a copy of Plaintiff's FBI

interviews from Van Starling. *Id.* Plaintiff argues Van Starling has not been formally

charged in the murder-for-hire conspiracy and questions how Van Starling obtained a

copy of Plaintiff's confidential information. *Id.* Plaintiff alleges Defendants allowed this

paperwork to be "placed in the possession of a suspect whom has never been charged

within this conspiracy." *Id.* at 5. Plaintiff alleges this confidential information was

disseminated throughout his maximum security housing unit. *Id.* at 5, 8–9.  Plaintiff

claims his life and the life of his family are now in danger. *Id.* at 7–9. Plaintiff seeks

declaratory and injunctive relief, and monetary damages. *Id.* at 10–11.

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an

indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss a case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint

lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28

U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v.

Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less-stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff sues Defendants for their actions associated with the prosecution of his federal criminal charges. [ECF No. 1 at 4–10]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). To the extent Plaintiff claims Defendants mishandled discovery materials, such claims are barred by prosecutorial immunity, and the undersigned recommends the complaint be summarily dismissed.

To the extent Plaintiff alleges Defendants intentionally distributed his FBI interviews to inmates in the South Carolina Department of Corrections, Plaintiff fails to plead specific facts to establish Defendants were personally responsible for distributing these documents. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding plaintiff must do more than make conclusory statements to state a claim); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (finding a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions). Accordingly, Defendants are entitled to summary dismissal from the action.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 23, 2016                                          Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).